UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KENNETH RAY BAGGETT JR.                                      PLAINTIFF


VS.                              CIVIL ACTION NO. 3:06-cv-00184-TSL-JCS

YAMAHA MOTOR CO., LTD.;
YAMAHA MOTOR CORPORATION, U.S.A.;
YAMAHA MOTOR MANUFACTURING
CORPORATION OF AMERICA;
BUBBA BARDWELL d/b/a BARDWELL
YAMAHA; and JOHN DOES 1-10                                   DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff
Kenneth Ray Baggett Jr. to remand pursuant to 28 U.S.C. § 1447.
Defendants Yamaha Motor Co., Ltd., Yamaha Motor Corporation,
U.S.A. and Yamaha Motor Manufacturing Corporation of America (the
Yamaha defendants) and defendant Bubba Bardwell d/b/a Bardwell
Yamaha have separately responded in opposition to the motion and
Badwell Yamaha has moved to dismiss for failure to state a claim
upon which relief can be granted.  The court, having considered
the memoranda of authorities, together with attachments submitted
by the parties, concludes that plaintiff's motion to remand should
be denied and Bardwell Yamaha's motion to dismiss granted.

Plaintiff brought this cause in the Circuit Court of Lincoln
County, Mississippi, seeking to recover damages on account of
injuries sustained when the brakes on his Yamaha 4-wheeler failed.
Plaintiff, a Mississippi resident, sued both the nonresident

manufacturer, the Yamaha defendants, and Bubba Bardwell d/b/a Bardwell Yamaha, the resident seller of the subject 4-wheeler. The Yamaha defendants removed the case on the basis of diversity jurisdiction, contending that the resident defendant has been "improperly joined,"[1] and arguing, more specifically that plaintiff has made only conclusory allegations against Bardwell Yamaha which do not state a claim, and further that Bardwell Yamaha is an "innocent seller" who was a "mere conduit" of the subject 4-wheeler against whom plaintiff has no reasonable possibility of recovery under applicable Mississippi law, and in particular, Mississippi Code Annotated § 11-1-63(h).

The Fifth Circuit and this court have consistently held that conclusory allegations will not suffice to state a claim, see, e.g., Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999) (holding that generic allegations do not meet "even the liberalized requirements that permit notice pleadings"); and, as the Yahama defendants correctly note, plaintiff's complaint in this cause makes only conclusory allegations against Bardwell Yamaha, giving the court reason enough to conclude that remand is

---

[1]   The Fifth Circuit has recently "adopted the term 'improper joinder,' rather than 'fraudulent joinder,'" stating that "[w]hile there is no substantive difference between the two terms, the phraseology 'improper joinder' is preferred." McDonal v. Abbott Laboratories, 2005 WL 957142, at 6 n.1 (5th Cir. 2005) (citing Smallwood v. Ill. Cent. RR Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc)).

not in order.  However, it is apparent for additional reasons that

plaintiff's motion to remand should be denied.

Mississippi Code Annotated § 11-1-63(h) provides:

> In any action alleging that a product is defective
> pursuant to paragraph (a) of this section, the seller of
> a product other than the manufacturer shall not be
> liable unless the seller exercised substantial control
> over that aspect of the design, testing, manufacture,
> packaging or labeling of the product that caused the
> harm for which recovery of damages is sought; or the
> seller altered or modified the product, and the
> alteration or modification was a substantial factor in
> causing the harm for which recovery of damages is
> sought; or the seller had actual or constructive
> knowledge of the defective condition of the product at
> the time he supplied the product.  It is the intent of
> this section to immunize innocent sellers who are not
> actively negligent, but instead are mere conduits of a
> product.

In his motion to remand, plaintiff acknowledges that

§ 11-1-63 does immunize innocent sellers from liability for acting

as mere conduits for placing the product in the stream of

commerce.  He points out, though, that the statute does not

immunize sellers who had either constructive or actual knowledge

of the defective condition of the product at the time it was sold,

or sellers who alter or modify the product if "the alteration or

modification was a substantial factor in causing the harm for

which recovery of damages is sought," § 11-1-63(h), and he submits

that either or both of these circumstances may exist in this case.

To the point, plaintiff notes that a Safety Recall Notice

notifying consumers of a defect in the rear brake master

3

cylinder reservoir on ATV Model YFM660RL was issued subsequent to the brake failures on plaintiff's vehicle, and he reasons that "especially in light of the recall notice, it is clear that Defendant Bardwell had constructive or actual knowledge of the defective condition of the four wheeler at the time it was sold," and therefore is not immunized under § 11-1-63(h).  He asserts, moreover, that "Bardwell may have performed one or more services to the four wheeler in question that are related to the Plaintiff's claims of brake failure," and for that reason as well has no immunity under the statute.

Not only is there no allegation in the complaint that Bardwell performed any services to the subject 4-wheeler prior to the alleged brake failures, but plaintiff explicitly alleges that at the time of the accident, "the ATV was not materially changed from the condition in which it was manufactured. . . ."  Moreover, Bubba Bardwell has submitted an affidavit in which he attests that he did not alter or modify the subject ATV prior to plaintiff's accidents.  There is thus no possible basis for applicability of this exception to the seller's immunity provided by § 11-1-63(h).

Furthermore, given plaintiff's allegation that the manufacturer issued a recall of this 4-wheeler model in 2004, his reliance on the alleged recall of the 4-wheeler as a basis for inferring that Bardwell knew the 4-wheeler was defective at the time it was sold is manifestly misplaced.  Plaintiff's alleged

4

accidents occurred in 2002, more than two years before the alleged recall, such that the subsequent recalls cannot possibly have given Bardwell Yamaha notice of any defect at the time of the sale.[2]

For the foregoing reasons, the court concludes that plaintiff has no reasonable possibility of recovery against Bardwell Yamaha, whose citizenship is to be disregarded, with the result that this court has jurisdiction over this cause based on diversity of citizenship.  Accordingly, it is ordered that plaintiff's motion to remand is denied, and it is further ordered that Bardwell Yamaha is dismissed.

SO ORDERED this 31st day of May, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[2]    Bubba Bardwell confirms in his affidavit that he had no notice or knowledge of any defect in the 4-wheeler at the time of the sale.

5